## N. E. SCALES *v.* PATRICK KELLEY.

ATTORNEYS. *Confidential communications.* The law which forbids an attorney to disclose confidential communications of his client, applies to a person licensed, under the act of 1867, ch. 24, to practice law in all causes before any justice of the peace of the State, or the county court of his county.

---

### FROM KNOX.

---

Appeal in error from the Circuit Court of Knox county. E. T. HALL, J.

H. H. TAYLOR for Scales.

HENDERSON & JOUROLMON for Kelley.

COOPER, J., delivered the opinion of the court.

Suit upon an account by Kelley against Scales and recovery of judgment, from which Scales has appealed in error.

The account sued on was for the board of one Egan and the hands employed by him in working on the line of a railroad. The contest in the court below was whether the credit was originally given to Egan or to the defendant Scales, so as to make the promise of the latter, which was only in parol if given at all, binding on him under the statute of frauds. The jury found that the credit was given to Scales, and there is evidence in the record sufficient to sustain the verdict under the rule of this court. It is said that the charge, although correct as far as

it goes, is not full enough, but his Honor was not asked to give further instructions, and cannot now be put in error upon this ground.

The error principally relied on in this court is in the exclusion of the deposition of a witness for the plaintiff in error, because the testimony consisted of communications made in professional confidence. The witness was licensed, under the act of 1867, ch. 24 (T. & S. Rev., sec. 3968 *et seq*), to practice law for any person in all cases arising or coming before any justice of the peace or before the county court of his county. The communications were made to the witness by the wife and daughter of the plaintiff while seeking to engage his services in collecting the account by proceedings to be taken before a justice of the peace. It is conceded that the communications, if made by the plaintiff, would be privileged under the Code, sec. 3973, provided the witness falls within the designated class. "No attorney or counsel," says that section, "shall be permitted to disclose any communication made to him as attorney before, pending, or after a suit." This is, in effect, the pre-existing law. 1 Dan. Ch. Pr., 571. The witness is licensed to "practice law as an attorney, or to act as counsel" in all causes arising or coming before any justice of the peace of the State, or county court of his county, and is sworn, among other things, "to be true to his client." No reason occurs why, within his sphere, the rule of the common law and the statute should not apply to communications between him and his client. The rule has been extended to per-

sons employed to manage a cause as counsel, though, not licensed. *Bean* v. *Quimby,* 5 N. H., 94. And it is universally construed to embrace communications. of or to a person who acts as agent between attorney and client. 1 Dan. Ch. Pr., 576.

The unsupported affidavit of a party is, as a general rule, clearly insufficient to sustain a motion for a new trial. A verdict would be worth but little if the rule were otherwise. In this case, the only supporting affidavit is that of a person summoned as a witness, but without whose testimony the plaintiff chose to risk a trial. He must abide the result.

Affirm the judgment.